Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of yellow cedar the same in all material respects as that the subject of *Border Brokerage Co. et al.* v. *United States* (39 Cust. Ct. 179, C. D. 1923), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, APRIL 3, 1958

**No. 61767.**—Globe Importing Co. v. United States, protests 311000–K and 311513–K (New York).

Opinion by LAWRENCE, J. The protests were dismissed for lack of prosecution.

**No. 61768.**—Container Stapling Corp. v. United States, protest 311072–K (New York).

Opinion by LAWRENCE, J. The protest was dismissed for lack of prosecution.

BEFORE THE THIRD DIVISION, APRIL 3, 1958

**No. 61769.**—Carson M. Simon & Co. v. United States, protests 279902–K and 291170–K (Philadelphia).

Opinion by JOHNSON, J. It was stipulated that the merchandise consists of articles which were the manufacture of the United States, returned after having been imported, without having been advanced in value or improved in condition; that all of the applicable customs regulations have been complied with; and that the collector would now classify the merchandise free of duty under said paragraph 1615, if he could do so. In accordance with stipulation of counsel and following Abstract 47521, the claim of the plaintiff was sustained.

**No. 61770.**—Rayon Consultants, Inc., a/c Price I. Myers et al. v. United States, protests 308228–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise, facts, and issues are the same in all material respects as those the subject of *R. J. Saunders & Co., Inc.* v. *United States* (37 Cust. Ct. 267, C. D. 1834), the collector was directed to reliquidate the entries, assessing duty upon the basis of the unit appraised value per conditioned pound or kilo, multiplied by the total number of conditioned pounds or kilos, as set forth in the invoices.

**No. 61771.**—Hill Brown Corp. v. United States, protest 309921–K (Norfolk).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise, facts, and issues are the same in all material respects as those the subject of *R. J. Saunders & Co., Inc.* v. *United States* (37 Cust. Ct. 267, C. D. 1834), the collector was directed to reliquidate the entries, assessing duty upon the basis of the unit appraised value per conditioned pound or kilo, multiplied by the total number of conditioned pounds or kilos, as set forth in the invoices.

**No. 61772.**—Kersten Shipping Agency, Inc. *v.* United States, protest 309999–K (New York).

Opinion by JOHNSON, J.   An examination of the official papers, received in evidence at the trial, indicates that the entry was liquidated upon the basis of a net weight of 100,970 pounds for the 2,000 bags of merchandise.   The collector's letter of transmittal states that, following the surveyor's amended return, the merchandise would now be assessed with duty on the basis of a net weight of 50 pounds per bag.   On the record presented, the protest was sustained, and it was held that the merchandise is subject to duty on the basis of a net weight of 50 pounds per bag.

**No. 61773.**—Weil Ceramics & Glass, Inc. *v.* United States, protests 167889–K, etc. (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the items of merchandise marked with the letter "A" were held dutiable at 20 percent under paragraph 1547 (a), Tariff Act of 1930, and the items marked with the letter "B" at 10 percent under the provision in said paragraph, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T. D. 52373), supplemented by Presidential proclamation (T. D. 52476), for "Works of art * * * statuary, sculptures, or copies, replicas, or reproductions thereof, valued at not less than $2.50."

**No. 61774.**—Dadourian Export Corporation *v.* United States, protests 309927–K and 310130–K (New York).

Opinion by JOHNSON, J.   In accordance with rule 5 (b) of the rules of this court, as amended, the protests were dismissed for lack of prosecution.

**No. 61775.**—The Gren Corp. *v.* United States, protest 310128–K (New York).

Opinion by JOHNSON, J.   In accordance with rule 5 (b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.